UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HALEY L.,

                 Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

Case No. C20-5063 RSM

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals denial of her application for Disability Insurance Benefits, contending the ALJ erred by rejecting the opinions of her treating neurologist, John R. Huddlestone, M.D. Dkt. 10. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 42 years old, has a high school education, and has worked as a receptionist and a file clerk. Dkt. 8, Admin. Transcript (Tr.) 526-27. Plaintiff alleges disability beginning January 1, 2012, and her date last insured is December 31, 2014. Tr. 510, 512. On appeal to this court after the ALJ's first decision in 2017, the matter was remanded for reconsideration of Dr. Huddlestone's opinions. Tr. 606. On remand, the ALJ found Plaintiff had the severe

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

impairments of multiple sclerosis, overactive bladder, possible neurogenic bladder, and urinary retention.  Tr. 512.  She could perform light work, standing or walking four hours per day, without exposure to extreme heat and with ready access to a restroom within 100 yards.  Tr. 515.

## DISCUSSION

An ALJ may reject the contradicted opinion of a treating doctor by giving "specific and legitimate" reasons.  *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).  The ALJ rejected Dr. Huddlestone's opinions on fatigue and incontinence based on improvement with treatment and inconsistency with his own treatment notes.  Tr. 522-25.

Dr. Huddlestone's treatment notes reflect occasional relapses or flare-ups of Plaintiff's symptoms, all of which resolved quickly with treatment.  In January 2012, at the beginning of the time period at issue, Plaintiff reported a recent increase in bladder and bowel incontinence was "now pretty much resolved."  Tr. 345; *see also* Tr. 348 (urinary incontinence "improved greatly" by 3rd day of treatment).  In July 2014 Plaintiff experienced a three-week increase in symptoms, which resolved with three days of treatment.  Tr. 325 (weakness in limbs for last 3 weeks), 324 ("feels better" after treatment); *see also* Tr. 320 ("The patient had a relapse in 2014 and … the symptoms resolved promptly with treatment.").  Plaintiff argues the level of improvement does not contradict Dr. Huddlestone's opinions, but the record shows symptoms were effectively controlled with treatment.  *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be "controlled effectively" by medication or treatment are not disabling).  There is no dispute Plaintiff experiences some level of symptoms.  The ALJ accommodated Plaintiff's fatigue and incontinence by limiting standing, walking, and lifting, and requiring ready restroom access.  However, the record does not reflect uncontrollable waxing and waning of symptoms, as Plaintiff suggests, but effective treatment when symptoms

worsened.  Improvement with treatment was a specific and legitimate reason to discount Dr. Huddlestone's opinions.

In June 2013 Plaintiff reported fecal incontinence "once a mo[nth]," contradicting Dr. Huddlestone's opinion of twice-weekly fecal incontinence.  Tr. 327, 406.  Conflict with treatment notes was another specific and legitimate reason to discount Dr. Huddlestone's opinions.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Plaintiff attempts to manufacture an inconsistency in the ALJ's decision because the ALJ gave great weight to the opinions of testifying medical expert James Haynes, M.D., who agreed with Dr. Huddlestone that fatigue "can certainly fluctuate" with multiple sclerosis.  Tr. 547.  There is no dispute that Plaintiff experiences fatigue and fatigue levels can fluctuate.  However, Dr. Huddlestone's own treatment records support the ALJ's reasonable interpretation that, during the 2012 to 2014 relevant period, extreme levels of fatigue were limited to short stretches of time and were effectively controlled with medication.  *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (when evidence is susceptible to more than one interpretation, ALJ's interpretation must be upheld if rational).

The Court concludes the ALJ did not err by discounting Dr. Huddlestone's opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 12th day of August, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE